STEVEN G. KALAR
Federal Public Defender
Northern District of California
450 Golden Gate Avenue
San Francisco CA 94102
Telephone: (415) 436-7700

Counsel for Defendant Schaffer

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  CR 13-00220 MMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PARTIES JOINT SENTENCING** |
| v. | ) | **MEMORANDUM** |
| | ) | |
| SCOTT ALLEN SCHAFFER, | ) | |
| Defendant. | ) | **Sentencing Hearing Date**:  Wednesday, |
| | ) | October 16, 2013 at 2:15 p.m. |
| | ) | |
| | ) | |

**Introduction**

The defendant Scott Schaffer has pleaded guilty pursuant to a plea agreement that

recommends a custodial term of ten years, limited above and below: no less than ten

years, as required by a mandatory minimum provision in the statute of conviction, and no

more than ten years, as recommended in the Federal Rule of Criminal Procedure

11(c)(1)(C) agreement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The parties here write jointly to recommend the reasonable sentence that best satisfies all of the goals of the Sentencing Reform Act:

1.   A custodial term of ten years;
2.   Five years of supervised release;
3.   Forfeiture and a $100 special assessment.

*Plea Agreement* at 4 § 8.

## Discussion

The offense conduct in this case is not in dispute. As described in the Presentence Report, Mr. Schaffer engaged in an online conversation with an undercover agent posing as the father of young children. *PSR* at 3-4. During these online interactions, Mr. Schaffer explained that he had no previous experience with sexual contact with minors, and that he used methamphetamine. *Id.* at 4 ¶ 8. Mr. Schaffer also transmitted nude and sexually explicit images of himself during these online chats. *Id.*

Within a matter of days Mr. Schaffer agreed with this "father" to meet at a motel in South San Francisco to have in sex with the (fictitious) children. *Id.* at 5 ¶ 13. When arrested by the awaiting agents, Mr. Schaffer was in possession of sexual items, items of interest to children (such as candy and games), and methamphetamine. *Id.* He immediately confessed and has not contested his guilt at any stage of the investigation or proceedings. *Id.*

A later search of the defendant' home in Windsor revealed, to be charitable, squalor: hundreds of needles, sex toys, and adult pornography. *Id.* at 6 ¶ 15. Child pornography was discovered on Mr. Schaffer's computer. *Id.* at ¶ 15, ¶ 16.

1

2

3

4

5

6

Mr. Schaffer was taken into custody on February 26, 2013 and held in state proceedings. Those proceedings did not result in a conviction. Therefore, Mr. Schaffer has been in continuous custody on this offense since February 26, 2013; the parties agree that this date should be reflected in the presentence report as the first date of incarceration. *Id.* at 3 ¶ 5.

7

8

9

10

11

12

13

14

15

16

The statute of conviction, 18 U.S.C. § 2422(b), provides for a mandatory-minimum sentence of ten years. *See id.* at 14 ¶ 69. While this is an unavoidable minimum statutory term, the parties agree that the offense conduct in the case also merits a ten year sentence under the factors set forth in the Sentencing Reform Act. The ten year term is necessary to "reflect the seriousness of the offense" and to "provide just punishment." 18 U.S.C. § 3553(a)(2)(A). A decade of incarceration will also "afford adequate deterrence to criminal conduct," and will "protect the public from further crimes of the defendant." *Id.* at § 3553(a)(2)(B)(C).

17

18

19

20

21

22

23

24

25

26

The parties further agree, however, that 120 months of incarceration is a sentence "sufficient, but not greater than necessary" to meet the goals of Section 3553(a). *Id.* at § 3553(a). As Mr. Schaffer first explained in his online chats, he has no prior sexual conduct with children. All investigation, and the criminal history analysis, conducted since that chat confirms the defendant's assertion. *See generally* PSR at 11 ¶ 51 (describing long-term partner's shock at arrest for minor-related offense). While this offense cannot fairly be described as "aberrant," it is certainly unusual that the first interest in sex with minors manifests in a fifty-seven year old man.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

It appears that the defendant's deep addiction to methamphetamine played a significant role in the decisions he made in the present case. *PSR* at 11 ¶ 50. That addition had grown so all-consuming that Mr. Schaffer resorted to injected methamphetamine and anal meth suppositories before the offense conduct. *Id.* at 12 ¶ 56. He has never received drug treatment. *Id.*

To be sure, Mr. Schaffer's drug addiction does not excuse the disturbing offense conduct in this case. It does appear, however, that aggressive and court-mandated drug treatment could restore the equilibrium to this otherwise law-abiding man, and lessens the need for a sentence above ten years "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Mental health treatment will be another important component in the defendant's rehabilitation, and Mr. Schaffer has demonstrated the self-awareness to request this treatment. *PSR* at 12 ¶ 55.

It also bears emphasis that the defendant is a 57-year old man in poor health. *Id.* at 11 ¶¶ 52-53 ("The defendant suffers from numerous serious health issues.") He is both Hep A and Hep B positive, suffers from low testosterone which affects his mental wellbeing, and receives medication for high blood pressure. *Id.* He has been HIV positive since 2005, and the treatment for that medication is complicated by his liver limitations. *Id.* at 12 ¶¶ 53-54.

The parties agree that close supervision for five years after release is necessary to ensure that Mr. Schaffer does not re-offend. Given his age and serious medical conditions, however, it is not necessary to incarcerate this defendant for more than a decade to protect the public or ensure against recidivism.

Another factor that weighs against a custodial sentence in excess of ten years is the defendant's unusually early acceptance of guilt. Mr. Schaffer made his initial appearance before this Court on June 12, 2013. *See United States v. Schaffer*, CR 13-00220 MMC, Docket at #13. Very soon after, he entered a guilty plea to a sobering ten-year term of custody. *Id.* at #15. The defendant entered a guilty plea with no discovery motion, no battles over forensic evidence, no pretrial motions to suppress, no requests for second counsel, and no demands for trial. His extraordinarily early and complete acceptance of responsibility is unusual, and is consistent with his immediate acceptance of guilt on arrest.

This very early plea saved considerable government and court resources. These resource savings are particularly notable now, when the federal government is shut down, USAO, FPD, and Court staff are currently or are soon heading towards unpaid status, and no member of the criminal justice family has the funding or resources to conduct a timely (and expensive) forensic analysis and review of the significant digital evidence in the case.

More importantly, Mr. Schaffer's early and repeated acceptance of responsibility bodes well for his rehabilitation. A ten year sentence is sufficient, but not greater than necessary, to set this penitent man on the path towards rehabilitation.

Finally, the parties generally agree on the terms of supervision as recommended by the Office of Probation. The parties seek an opportunity to further meet and confer regarding the polygraph condition urged by Probation. *See PSR* at 4 ¶ 5. The recommendation in the presentence report was made before the Ninth Circuit's decision

in *United States v. Bahr*, 2013 WL 5067083 (9th Cir. Sept. 16, 2013). The parties will discuss the *Bahr* decision with Probation before the sentencing hearing, and will report to the Court the outcomes of those discussions.

### Conclusion

For the reasons described above, the parties jointly urge that this Court impose the reasonable sentence recommended in the Federal Rule of Procedure 11(c)(1)(C) plea agreement, and the sentence that best furthers the goals of the Sentencing Reform Act: a custodial term of ten years, with five years of supervised release to follow.

Respectfully submitted,


Dated:  October 10, 2013


MELINDA HAAG
United States Attorney
Northern District of California

/s/
_____

ELISE BECKER
Assistant United States Attorney
Northern District of California

STEVEN G. KALAR
Federal Defender
Northern District of California


/s/
_____

*Schaffer*, CR 13-00220 MMC
PARTIES JOINT SENT. MEM.