IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>　　v.<br>SCOTT SCHAFFER,<br>　　　　　Defendant. | Case No. 13-cr-00220-MMC-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE; SETTING ADDITIONAL SPECIAL CONDITIONS OF SUPERVISION** |

Before the Court is defendant Scott Schaffer's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release)," filed June 9, 2020, whereby said defendant seeks a reduction of his term of imprisonment from 120 months to time served, to be followed by the five-year term of supervised release imposed in the judgment entered October 21, 2013. The government has filed a Response in which it supports the relief sought, provided certain specified conditions of release are imposed, to which Response defendant has replied. Additionally, the Probation Office has submitted an Update on Proposed Release Plan. Having read and considered the above-referenced filings and submission, the Court rules as follows.

Pursuant to 18 U.S.C. § 3582(c):

> The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> 　　(A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions

> that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

See 18 U.S.C. § 3582(c).

Here, it is undisputed defendant has a number of conditions that place him at increased risk of contracting a severe illness if he were to be infected with COVID-19. Although it also is undisputed defendant did become infected with COVID-19 and has recovered from such infection, the scientific community has not, as of this date, determined whether a prior infection produces immunity or affects the severity of any potential subsequent infection. Further, defendant has served a substantial portion of his term of imprisonment, with slightly over 14 months of his 120-month term remaining, and, according to the Bureau of Prisons ("BOP"), is eligible, as of early March 2021, to serve the balance of his term in a Residential Reentry Center. Under such circumstances, the Court, having considered the factors set forth in § 3553(a), finds defendant has shown there exist extraordinary and compelling reasons warranting a reduction of his sentence to time served.

The government and the Probation Office request a number of conditions of supervised release be imposed in addition to those initially set forth in the Judgment. With one exception, defendant is in accord, the one exception being the government's proposal that any release date be set 14 days from the date of the Court's order, "to accommodate BOP's ability to quarantine [d]efendant prior to his release to protect the community from potential further spread." (See Pl.'s Response at 6:3-4.) Defendant objects on the ground his continued incarceration at FCI Lompoc exposes him to unnecessary risk. Given defense counsel's representation that, for several weeks, defendant has been housed in a separate unit for persons who previously tested positive for COVID-19 and that he remains asymptomatic, coupled with the fact that, as set forth

below, he will be placed in quarantine upon his arrival at the Residential Reentry Center by which he has been accepted, the Court finds defendant's continued incarceration at FCI Lompoc is not warranted.

Accordingly, the motion will be granted and the Court will impose the additional special conditions requested by the government and the Probation Office, with the exception of the one condition discussed above.

**CONCLUSION**

For the reasons stated, defendant's motion for modification of his sentence is hereby GRANTED, as follows.

1. It is hereby ORDERED that defendant's term of imprisonment is reduced to a term of time served.

2. Upon his release, defendant shall be on supervised release for a term of five years, on the conditions imposed in the Judgment filed October 21, 2013, and on the following additional special conditions:

    a. Defendant shall travel from FCI Lompoc directly to Independence House – South Federal, in Denver, Colorado,[1] where, upon arrival, he shall quarantine for fourteen days.

    b. Defendant shall reside at said facility and/or at another Residential Reentry Center for a period of up to 365 days at the direction of the probation officer. While a resident of any such Residential Reentry Center, defendant shall abide by the rules of the facility.

    c. Defendant must provide the probation officer access to any requested financial information and authorize the release of any financial information.

    d. Defendant must participate in a program of testing and/or treatment for substance abuse approved by the probation officer and follow the rules and regulations of

---

[1] Defense counsel states she has been advised by the BOP that, upon issuance of a release order, defendant's BOP counselor or case manager will purchase a bus ticket for defendant to travel from FCI Lompoc to Denver.

the treatment program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program as to modality, duration, and intensity. Defendant must abstain from the use of alcohol or other intoxicants during the course of treatment. Defendant must pay for the cost of testing and/or treatment based on his ability to pay.

      e. Defendant must participate in a program of mental health treatment approved by the probation officer and follow the rules and regulations of the treatment program. The probation officer, in consultation with the treatment provider, will supervise his participation in the program as to modality, duration, and intensity. Defendant must pay for the cost of treatment based on his ability to pay.

      f. Defendant must participate in a sex-offense specific evaluation and/or treatment program approved by the probation officer. This may include polygraph and visual response testing as part of the required participation. The probation officer, in consultation with the treatment provider, will supervise his participation in and compliance with the treatment program. Defendant must comply with all rules and regulations of the treatment program that are specified by the treatment agency and the probation officer. Defendant must pay for the cost of treatment based on his ability to pay.

      g. Defendant must not associate with any child or children under the age of 18 except in the presence and supervision of an adult specifically designated in writing by the probation officer. The probation officer will notify the designated adult of risks occasioned by the defendant's criminal record or personal history or characteristics. Defendant must permit the probation officer to make such notifications.

**IT IS SO ORDERED.**

Dated: June 24, 2020

MAXINE M. CHESNEY  
United States District Judge